*Northern District*

## No. 8255

## CHANDI PRASAD BISWAS
### v.
## THE HERTZ CORPORATION and DANIEL LUPO

Argued: October 17, 1974. Decided: August 16, 1976.

Case tried to *Feloney, J.,* in the Third District Court of Middlesex. Number: 138 of 1974.

Present: Gould, Presiding Justice; Forte, Flynn, J.J.

**Gould, J. Presiding Justice.** This is an action of tort containing two counts. Count number One is against the Hertz Corporation (Hertz) alleging it to be the owner of a motor vehicle being operated on a public way in the City of Cambridge, and seeks to recover for property damage incurred when the plaintiff's vehicle was in collision with the vehicle owned by Hertz.

Count number Two is a similar count brought against the operator of the motor vehicle. The accident is alleged to have occurred on July 22, 1972 subsequent to the adoption by the Commonwealth of Massachusetts of Chapter 90, §34-O, which was the so-called "No Fault" property damage insurance statute enacted by the Legislature in 1971.

Since this action was filed prior to the adoption of the new Rules of Civil Procedure for the District Courts of Massachusetts, the defendant Hertz, filed a demurrer and without waiving its rights to the demurrer filed an answer. The demurrer filed by the defendant Hertz was sustained by the justice of the trial court and the plaintiff claims to be aggrieved thereby.

The provisions of Chapter 90, section 34-O provides that: "every owner, authorized operator or other person legally responsible for the operation of any vehicle to which this section applies, shall be exempt from all liability every property protection insurance policyholder and his insurer might otherwise have been entitled to claim, by subrogation or otherwise, for accidental loss of or damage to any vehicle to which this section applies. This exemption shall not affect tort rights and subrogation rights therein against persons not so exempted."

We interpret this provision to be a bar to any action of tort for damage caused to motor vehicles which are registered in the Commonwealth of Massachusetts unless the proceedings fall within a class of a person not so exempted. Since this matter was brought under the

old Rules when demurrers were pleaded which could be appropriately considered by the court when filed, we see no abuse in the action of the trial court in sustaining the demurrer.

Unless the pleading filed by the plaintiff on its face, avers that the action was brought against a party not exempted by the new statute, then an appropriate cause of action would appear not to have been alleged in the plaintiff's pleading under the old Rules.

No Prejudicial Error was Made. **Report Dismissed.**